THE INHABITANTS OF NORWICH *versus* THE
COUNTY COMMISSIONERS OF HAMPSHIRE.

An act of the legislature providing that the expense of building a particular bridge
shall be borne in part by the county within which it is situated, when by the
operation of the general laws of the commonwealth the expense would be borne
wholly by the town within which it is situated, is not unconstitutional.

THIS was a petition to this Court, setting forth, that by
an act of the legislature, passed on June 18, 1831, ( *St.* 1831,
*c.* 41,) it was enacted, that whenever it shall become necessary,
by reason of the decay of the Pitcher Great bridge, over the
main branch of the Agawam or Westfield river, in Norwich,
in the county of Hampshire, to rebuild the same, it shall be
the duty of the county commissioners of that county to
cause it to be rebuilt, and that one half of the expense of
rebuilding it shall be borne by the county and one half by the
town, provided that the whole cost shall not exceed $600,
and provided that the expense of maintaining the bridge after
it shall have been rebuilt, shall be borne by the town forever.
The petition further sets forth, that it had already become
necessary to rebuild the bridge ; and that due notice had
been given by the town to the county commissioners, who
had refused to carry the act into effect ; and it prays for a
writ of mandamus to the commissioners.

Notice of this petition having been given to the com-
missioners, they appeared and opposed the prayer of the
petition.

*Sept. 24th*    *Forbes,* in behalf of the respondents, said that for all the
purposes of construction this statute is a private act ; 1 Stark.
Ev. 162, 163 ; Bull. N. P. 224 ; Com. Dig. *Parliament,*
*R* 7 ; *Townley* v. *Gibson,* 2 T. R. 705 ; that the parties
interested were two distinct corporations, having rights estab-
lished by standing laws ; Anc. Charters &c., 267, 507 ; *St.*
1786, *c.* 81 ; *St.* 1786, *c.* 67 ; that by the general laws this
bridge was supported by the town of Norwich, but the special
act of 1831 suspends the general laws, contrary to the 10th
article of the Declaration of Rights ; *Holden* v. *James,* 11
Mass. R. 396 ; *Picquet, Appellant &c.,* 5 Pick. 65 ; that
the special act is also unconstitutional, because it compels the

county to pay money for the use of the town ; *Hampshire* v. *Franklin*, 16 Mass. R. 86 ; *Medford* v. *Learned*, ibid. 216 ; and because, in consequence of it, the taxes on the inhabitants of the other towns in the county, who maintain the bridges in their respective towns, will not be " proportional and reasonable " ; *Portland Bank* v. *Apthorp*, 12 Mass. R. 255.

*Bates* and *Dewey*, for the petitioners, cited *St.* 1786, *c.* 81, § 7 ; 3 Dane's Abr. 277.

SHAW C. J. drew up the opinion of the Court. The ground of objection on the part of the commissioners is, that an act of legislation, providing that the expense of erecting a particular bridge shall be borne by a county, in whole or in part, when by the operation of the general laws of the commonwealth, without such legal provision, the expense would be borne wholly by a town, is beyond the just scope of legislative power, and so is unconstitutional and void.

If an act, purporting to be a statute passed by the legislature, is not warranted by the powers vested in the legislature, it is clear that such act cannot have the force of law ; and that it is the duty of the Court so to declare it, whenever it is claimed to be enforced as such. But this is a high and important judicial power, not to be exercised lightly, nor in any case where it cannot be made to appear plainly that the legislature have exceeded their powers. It is always to be presumed, that any act passed by the legislature is conformable to the constitution and has the force of law, until the contrary is clearly shown.

In the case before us this is the only question. The provisions of the act are clear and explicit. It in terms makes it the duty of the county commissioners, to cause the bridge in question to be built, provided the expense does not exceed the sum of 600 dollars, and to charge one half of the expense thereof upon the county.

Upon consideration, the Court are all of opinion that the act was not unconstitutional. We think it was competent for the legislature, having regard to the singular and peculiar circumstances of a particular town, to provide that a particular bridge should be built partly at the expense of the town, and partly at the expense of the county, within which it is situated.

*Norwich
v.
County
Commis. of
Hampshire.*

*April Term
1833,
in Hamp
shire*

Norwich
*v.*
County
Commis. of
Hampshire.

It may happen that a wild, rapid stream, subject to great floods and torrents, passing through a poor, thinly settled town, may require for the public exigency several expensive bridges. It is not contended that the legislature might not, by a general law, provide for charging the expense of such bridges upon counties, or upon the whole State. But suppose there were only one county, or even town, to which such act of legislation could in its terms apply ; it seems difficult to find a valid distinction, that would warrant the legislature to pass an act, which, though in terms general, could apply to one town or one bridge, and yet that should restrain them from doing the same thing, by naming the particular town or describing the particular bridge. In a question of this description, we must look at the substance of legislative power, not at the mere forms in which it is exercised.

If in any case the legislature can exercise such a power, within the limits prescribed to them by the constitution, it is to be presumed, in just deference to the authority of a co-ordinate branch of the government, that in any particular case it was done discreetly, and with a just regard to the relative rights and interests of different portions of the community.

It will not throw much light on a question like this, to put extreme cases of the abuse of such a power, to test the existence of the power itself. It is said that the expense of erecting bridges in one section of the commonwealth, may be charged upon the inhabitants of another ; that the inhabitants of Suffolk may be taxed for a bridge in Berkshire But we think the decision in this case will warrant no such extravagant conclusion. Bridges, though they are designed for public convenience, and for all the citizens of the commonwealth, yet are more immediately beneficial to those whose local situation is such as to require the more frequent use of them. The people of a town and county where a bridge is situated, have an interest in it, and derive a benefit from it, greater in degree, than the rest of the community, according to their local position, and may therefore, on general principles of justice, be required to contribute a larger share towards its erection and support. The

possibility that such a power may be abused, has but a slight tendency to prove that it does not exist. There are a variety of other cases, in which it would be easy to suggest a possible gross abuse of legislative powers, but in which there can be no possible question of the existence of the power itself, under the express provisions of the constitution.

This case is clearly distinguishable from that cited in the argument, of *Hampshire* v. *Franklin*, 16 Mass. R. 76. There the right to the money in the treasury, had actually become vested in the county of Hampshire ; and the effect of the legislative act was, in so many terms, to provide that a portion of the money of one county, actually in its treasury, should be paid over to another, in obvious violation of vested rights. But even in that case, it appearing that the Court of Sessions had assented to the act, and they being regarded, for that purpose, as the agents of the county, it was held that the act was rendered valid by that assent.

And there is another circumstance which, we think, rescues this act from the charge of violent innovation ; it is, that it has been the practice, from the earliest times, to charge the cost of certain large and expensive bridges, in whole or in part, upon counties ; and it is impossible to deny the equity of these provisions.

The Court are of opinion, that the act in question was not unconstitutional ; that it is a valid and binding law, which the commissioners are bound to carry into effect, according to its terms.

*A writ of mandamus in the alternative ordered.*